NOTING DATE:  January 3, 2025

1

2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

3

4

| | |
|---|---|
| KATHERINE KING, derivatively on behalf of STARBUCKS CORPORATION, | Case No. 2:24-cv-01720-JHC |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS** |
| LAXMAN NARASIMHAN, RACHEL RUGGERI, RICHARD E. ALLISON, JR., ANDREW CAMPION, BETH FORD, MELLODY HOBSON, JORGEN VIG KNUDSTORP, NEAL MOHAN, SATYA NADELLA, DANIEL SERVITJE, MIKE SIEVERT, and WEI ZHANG, | |
| Defendants, | |
| and | |
| STARBUCKS CORPORATION, | |
| Nominal Defendant. | |
| PORTIA MCCOLLUM, Derivatively on Behalf of Nominal Defendant STARBUCKS CORPORATION, | Case No. 2:24-cv-01979-JHC |
| Plaintiff, | |
| vs. | |
| LAXMAN NARASIMHAN, RICHARD E. ALLISON, JR., ANDREW CAMPION, BETH FORD, MELLODY HOBSON, JORGEN VIG KNUDSTORP, NEAL MOHAN, DANIEL SERVITJE, MIKE SIEVERT, WEI ZHANG, SATYA NADELLA, and RACHEL RUGGERI, | |
| Defendants, | |
| -and- | |
| STARBUCKS CORPORATION, | |
| Nominal Defendant. | |

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") and Local Civil Rule 42, Plaintiffs Katherine King and Portia McCollum ("Plaintiffs"), Defendants Laxman Narasimhan, Rachel Ruggeri, Richard E. Allison, Jr., Andrew Campion, Beth Ford, Mellody Hobson, Jorgen Vig Knudstorp, Neal Mohan, Satya Nadella, Daniel Servitje, Mike Sievert and Wei Zhang (the "Individual Defendants"), and Nominal Defendant Starbucks Corporation ("Starbucks" and together with the Individual Defendants, "Defendants"), by and through their undersigned counsel of record, submit the following stipulation to consolidate the above captioned related shareholder derivative actions and to appoint co-lead counsel for Plaintiffs in these proceedings:

WHEREAS, on October 21, 2024, Plaintiff Katherine King filed a shareholder derivative action in this Court on behalf of Nominal Defendant Starbucks against the Individual Defendants alleging, *inter alia*, violations of federal securities laws and breaches of fiduciary duty (the "*King* Action");

WHEREAS, on December 2, 2024, Portia McCollum filed a shareholder derivative action in this Court on behalf of Nominal Defendant Starbucks against the Individual Defendants alleging, *inter alia*, violations of federal securities laws and breaches of fiduciary duty based upon the same facts and circumstances as those underlying the *King* Action (the "*McCollum* Action" and together with the *King* Action, the "Related Derivative Actions");

WHEREAS, counsel for Plaintiffs and Defendants (the "Parties") have conferred regarding the Related Derivative Actions and the appropriate next steps;

WHEREAS, Rule 42(a) provides that when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Related Derivative Actions challenge substantially similar alleged conduct by the same Company directors and executive officers, involve substantially similar questions of law and fact, and are based on similar factual allegations;

WHEREAS, the Parties, therefore, respectfully submit that consolidation of the Related Derivative Actions is appropriate, and that they should be consolidated for all purposes, including pre-trial proceedings and any trial, to avoid potentially duplicative actions, and to prevent any waste of the Court's and the Parties' resources;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Rigrodsky Law, P.A.[1] shall be designated as Co-Lead Counsel for plaintiffs in the consolidated action;

WHEREAS, Defendants take no position regarding the appointment of Co-Lead Counsel for Plaintiffs;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, by their undersigned counsel, subject to approval of the Court, as follows:

1.      The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under consolidated case no. 2:24-cv-01720-JHC (the "Consolidated Derivative Action").

2.      Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

---

[1] Attached hereto as Exhibits A and B are The Brown Law Firm, P.C. and Rigrodsky Law, P.A.'s firm resumes, respectively.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

IN RE STARBUCKS
CORPORATION STOCKHOLDER
DERIVATIVE LITIGATION

_____

This Document Relates To:

   ALL ACTIONS.

_____

) Lead Case No. 2:24-cv-01720-JHC
)
)
)
) (Consolidated with Case No. 2:24-cv-
) 01979)
)
)
)
)
)

3.     All papers filed in connection with the Consolidated Derivative Action shall be maintained in one file under Master File No. 2:24-cv-01720-JHC.

4.     Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
tjm@rl-legal.com

5.     Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6.     Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

7.     Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

8.     This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part *In re Starbucks Corporation Stockholder Derivative Litigation*, Lead Case No. 2:24-cv-01720-JHC, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Starbucks Corporation Stockholder Derivative Litigation*, Lead Case No. 2:24-cv-01720-JHC, and counsel to the Parties are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving Starbucks filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

9.     All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

10.    This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

11.     The Parties shall submit a proposed schedule to the Court within sixty (60) days of entry of this Order. Defendants are not required to answer or otherwise respond to the respective complaints filed in the Consolidated Derivative Action until the deadline set forth in the Court's order on the Parties' proposed schedule.

**IT IS SO STIPULATED.**

Dated: January 3, 2025                          Respectfully submitted,

By:     */s/ Duncan C. Turner.*
        **BADGLEY MULLINS TURNER PLLC**
        Duncan C. Turner, WSBA No. 20597
        19910 50th Avenue W., Suite 103
        Lynnwood, WA 98036
        Tel: (206) 621-6566
        Email: dturner@badgleymullins.com

        **THE BROWN LAW FIRM, P.C.**
        Timothy Brown (*pro hac vice* forthcoming)
        767 Third Avenue, Suite 2501
        New York, NY 10017
        Telephone: (516) 922-5427
        Facsimile: (516) 344-6204
        Email: tbrown@thebrownlawfirm.net

        *Attorneys for Plaintiff Katherine King and*
        *Proposed Co-Lead Counsel for Plaintiffs*

        **RIGRODSKY LAW, P.A.**
        Timothy J. MacFall (*pro hac vice* forthcoming)
        825 East Gate Boulevard, Suite 300
        Garden City, NY 11530
        Telephone: (516) 683-3516
        Email: tjm@rl-legal.com

        **GRABAR LAW OFFICE**
        Joshua H. Grabar (*pro hac vice* forthcoming)
        One Liberty Place
        1650 Market Street, Suite 3600
        Philadelphia, PA 19103
        Telephone: 267-507-6085
        Email: jgrabar@grabarlaw.com

        *Attorneys for Plaintiff Portia McCollum and*
        *Proposed Co-Lead Counsel for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:    /s/ Pallavi Wahi

**K&L GATES LLP**
Pallavi Mehta Wahi, WSBA # 32799
Tyler K. Lichter, WSBA # 51090
Ruby A. Nagamine, WSBA # 55620
925 Fourth Avenue, Suite 2900
Seattle, Washington  98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: Pallavi.Wahi@klgates.com
        Tyler.Lichter@klgates.com
        Ruby.Nagamine@klgates.com

*Attorneys for Defendants*

**LATHAM & WATKINS LLP**
WHITNEY B. WEBER (*pro hac vice* forthcoming)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  415/391-0600
415/395-8095 (fax)
whitney.weber@lw.com

ANDREW B. CLUBOK (*pro hac vice* forthcoming)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone:  202/637-3309
202/637-2201 (fax)
andrew.clubok@lw.com

MICHELE D. JOHNSON (*pro hac vice* forthcoming)
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Telephone:  714/540-1235
755/540-8290 (fax)
michele.johnson@lw.com

*Attorneys for Defendants*

1

## **ECF ATTESTATION**

2

       Pursuant to Local Civil Rule 5, I attest that the concurrence in the filing of this document

3

has been obtained from all other signatories and the document has been served via ECF on all

4

parties.

5

6

Dated: January 3, 2025                    _/s/Duncan C. Turner_____
                                          Duncan C. Turner, WSBA #20597

7

8

9

10                              *       *       *

11

## **ORDER**

12

       PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

13

14

15   Dated: January 3rd, 2025

16                                         Hon. John H. Chun
                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28